SMITH *v.* SERVICE FIRE INS. CO.

(*Knoxville,* September Term, 1946).

Opinion filed October 12, 1946.

HARRY BERKE, of Chattanooga, for plaintiff in error.

SIZER, KEFAUVER & DUGGAN, of Chattanooga, for defendant in error.

MR. SPECIAL JUSTICE PAUL CAMPBELL delivered the opinion of the Court.*

---

*Sitting for Mr. Justice Chambliss.

This is a suit on an insurance policy covering collision and the only evidence was that of the plaintiff. After judgment for plaintiff in the Sessions Court, the jury in the Circuit Court gave a judgment for $215 principal and $45 interest. On motion for new trial and directed verdict, the motion was sustained and the verdict of the jury set aside and judgment entered on the motion for directed verdict. The action of the Trial Court was affirmed by the Court of Appeals.

There is one question in this case. The plaintiff took out a policy of collision insurance with the defendant. This policy had in it the following clause:

"IX—Suspension of Coverage:

"This policy does not apply to loss occurring (2) while the automobile is rented or is used to carry persons for charge, unless such use is specifically declared and described in this policy and premium charged therefor."

When the policy was taken out the plaintiff was a molder and described the use of the car to be that for business and pleasure. Some six months after taking out this policy and paying the premium thereon the plaintiff quit his job as a molder and became a taxicab driver, using the insured car as a taxicab. While engaged in the taxicab business, the plaintiff took a man and his son to a place near the Airport, near Chattanooga, left the man's son and was returning to Chattanooga with the man as a passenger when the accident occurred, from which damage to the car resulted. Questions of collision and of the damage therefrom are not raised, the question in the case being as to whether there was coverage on the car at the time of the accident.

While the plaintiff admits that he was in the business of operating a taxicab with the insured car, he attempts

to avoid the Suspension of Coverage Clause by saying that he did not charge this particular passenger, as he was a personal friend. The Trial Court held: "Where the automobile is being generally used as a taxicab, I do not think an isolated trip, as in this case, would remove the suspension. I find the plaintiff is not entitled to recover."

This case rests upon a proper construction of.the provision of suspension of coverage, and the question is narrowed down to this point: Is the use for transporting persons for charge contemplated under this provision the general and regular use of the insured automobile or is it the use in some specific instance?

The policy coverage is suspended while the automobile is used "to carry persons for charge," unless such use is specifically disclosed and described.

We think the policy does exclude or suspend coverage on losses occurring during the period of regular use in carrying persons for charge, regardless of whether a charge is being made for the specific trip on which the accident occurs.

Policy coverage is suspended "unless such use is specifically declared and described in this policy and premium charged therefor."

It would seem that under a fair and reasonable construction of this provision the reference is to the use to which the applicant intends to devote his automobile. He is required to state the intended and contemplated use of his automobile and pay the premium therefor under penalty of having, no coverage against such losses, as may occur unless he does so. He must declare and describe such use in advance, in order that it may be set out in the policy, and pay the premium therefor. He could not be expected to declare and describe a use which

he did not contemplate at the time, i. e., specific and unforeseen occasions which might possibly, but not necessarily, occur at some distant date. Therefore, the contemplation of the policy provision would be that of the general and regular use to which the applicant intended to devote his automobile.

If he was engaged in using his automobile generally for carrying persons for charge and had not declared or described such use nor paid a premium as required for such use, then, under the provision for suspension of coverage, he had no coverage during the period of such operation.

*Certiorari* is denied.