## JACKSON v. OLD COLONY INS. CO—216 S. W. (2d) 354.

Middle Section.  July 31, 1948.

Petition for Certiorari denied by Supreme Court, Jan. 17, 1949.

Joseph L. Lackey, of Nashville, for plaintiff in error.

Watkins & Crownover, of Nashville, for defendant in error.

HOWELL, J. This is a suit to recover the actual value of a 1941 Model DeSoto sedan which belonged to the plaintiff and upon which the defendant Insurance Company had issued a fire insurance policy, dated December 27, 1945. The automobile was totally destroyed by fire on July 12, 1946, while the insurance policy was in effect.

The main defences were that no proof of loss had been filed and that there was no coverage under the policy by reason of the fact that the policy issued upon the car to be used for business and pleasure and did not cover it while used as a taxicab or a public livery conveyance. The defendant also filed a plea that the plaintiff was indebted to it in the sum of $434.94 for the amount paid by it upon a former proof of loss for damage to this car in a collision when the plaintiff concealed from the defendant the fact that he had collected $700 from the owner of the truck that caused the damage, in violation of the terms of the policy. Recovery was sought in this plea for approximately the amount paid out by the defendant.

At the conclusion of all the proof the trial Judge granted a motion of the defendant for peremptory instructions in its favor, dismissed plaintiff's suit and gave a judgment for the defendant against the plaintiff upon the plea in the sum of $397.44.

The plaintiff filed a motion for a new trial in which he set out six grounds, the fifth of which was that the Court erred in granting a judgment against him in favor of the defendant upon the plea. The trial Court overruled all of this opinion except the fifth ground which was sustained and the judgment against plaintiff for $397.44 was set aside. The plaintiff has properly perfected an appeal in error to this Court and has assigned errors. The defendant excepted to the action of the Court in sustaining ground five of the plaintiff's motion for a new

trial and has perfected an appeal in error to this Court and has assigned errors.

The defendant did not file any motion for a new trial as is required by Section 10622 of the Code of Tennessee and we therefore will not consider its assignments of error.

It is is insisted for the plaintiff that the Court erred in holding that his automobile was not covered by the policy at the time of the fire. In the application for the insurance the plaintiff stated that he was a preacher and the car would be used for *business* and *pleasure,* and Item 5 of the policy is as follows:

"The puposes for which the automobile is to be used are Business and Pleasure."

On page two of the policy under the heading "Excluions" is the following:

"This policy does not apply:

"(a) under any of the coverages, while the automobile is used as a public or livery conveyance unless such use is specifically declared and described in this policy and premium charged therefor:"

No signed proof of the loss resulting from the fire appears in the record. The plaintiff testified that he filed such proof of loss with the agent for the company. The defendant did not offer any testimony.

About one month after the policy was issued upon this car to used for "business and pleasure" the plaintiff placed it in service as a taxicab and used it as such until July 9, 1946, when it was placed in a garage to have some work done on it where it stayed for three days and then was taken out of the garage and parked on Pearl Street, Nashville, where it burned on July 12, 1946. It is insisted for the plaintiff that the car was not being used as a taxicab when it burned. This subject is discussed and passed

upon by the Supreme Court in a recent opinion in the case of Smith v. Service Fire Insurance Company, 184 Tenn. 139, 197 S. W. (2d) 233, and the Court said:

"We think the policy does exclude or suspend coverage on losses occurring during the period of regular use in carrying persons for charge, regardless of whether a charge is being made for the specific trip on which the accident occurs.

"Policy coverage is suspended 'unless such use is specifically declared and described in this policy and premium charged therefor."

"It would seem that under a fair and reasonable construction of this provision the reference is to the use to which the applicant intends to devote his automobile . . . and pay the premium therefor under penalty of having no coverage against such losses, as may occur unless he does so. He must declare and describe such use in advance, in order that it may be set out in the policy, and pay the premium therefor. He could not be expected to declare and describe a use which he did not contemplate at the time, i. e., specific and unforessen occasions which might possibly, but not necessarily, occur at some distant date. Therefore, the contemplation of the policy provision would be that of the general and regular use to which the applicant intended to devote his automobile.

"If he was engaged in using his automobile generally for carrying persons for charge and had not declared or described such use nor paid a premium as required for such use, then, under the provision for suspension of coverage he had no coverage during the period of such operation."

█ The general use of the plaintiff's car was as a taxicab and such use was especially excluded under the terms of the policy. It cannot be said that because the

car was parked on the street at the time it burned, it was not being used as a taxicab. The defendant should have notified the Insurance Company that the car was being put in taxi service and paid the additional premium provided for such service.

Other questions are raised by the assignments of error which we will not discuss.

All assignments of error by plaintiff and defendant are overruled and the judgment of the Circuit Court is affirmed. The costs of the appeal will be divided one half each against plaintiff and defendant.

Affirmed.

Felts and Hickerson, JJ., concur.