# GULICK v. FIDELITY & GUARANTY INS. CORP.
## No. A–5575.

District Court, Alaska. Third Division. Anchorage.
Mar. 2, 1951.

McCutcheon & Nesbett, Anchorage, for plaintiff.

Plummer & Arnell, Anchorage, for defendant.

▮▮▮▮▮▮▮▮▮▮

DIMOND, District Judge.

On motion of defendant for summary judgment, it is shown beyond dispute: that plaintiff purchased from defendant a fire insurance policy, effective October 19, 1948, covering plaintiff's automobile, containing a provision that the policy "does not apply while the automobile is used as a public conveyance;" that on or about November 13, 1948, the plaintiff, without notice to the defendant, entered into an agreement with a public taxicab company for use of the car as a taxicab; that the car was so used and was never returned to the possession of the plaintiff; that November 29, 1948, the car was totally destroyed by fire while in possession and under control of the taxicab company in a garage awaiting repairs obviously made necessary by use of the car as a taxicab.

There is not even a suggestion that when burned the car was in the possession of the plaintiff.

The status of the car at the time of the fire is best shown by Paragraph XII of defendant's Request for Admissions and the plaintiff's Answer thereto:

"XII. That the damage to the transmission; universal joint; or other part of said vehicle which made it necessary to leave the vehicle at the garage at 9th and East G Streets, was sustained during the time that said vehicle was being used and operated as a taxicab."

"VIII. Plaintiff cannot truthfully admit or deny paragraph XII for the reason that he has as yet been unable to contact the person in possession and control of the vehicle at the time repairs became necessary."

The defendant denies all liability by reason of breach of the policy in the respect indicated, and because, as defendant asserts, the policy was cancelled and a portion of the premium returned to plaintiff's agent and by that agent accepted, whereby plaintiff is precluded from maintaining

this action. The question is whether plaintiff may recover on the policy.

■ The decisions of the Courts are far from harmonious with regard to the right of the insured to recover for loss of a vehicle which was being used, or had been used, as a taxicab, in violation of the provision of the policy. In his dissenting opinion, in the case of Graham v. Standard Fire Insurance Company, 1922, 119 S.C. 218, 112 S.E. 88, at page 93, Judge Cothran observes that the cases are "in hopeless conflict". From consideration of all the cases examined, it is possible to arrive at the general rule, which would seem in most cases to lead to a just result, that the use of a car as a taxicab, in violation of the provisions of the policy, does not void the policy completely, but suspends the operation of the policy while the car is so used. An annotation of cases on the subject may be found in 95 A. L.R. 150.

In Jackson v. Old Colony Insurance Company, 1948, 31 Tenn.App. 424, 216 S.W.2d 354, 355, in which the facts are analogous to those in the case at bar, the car had been assigned to taxi service and while so used had been put in a garage for repairs. After a few days it was taken out and parked on the street. While there, it was burned. The Court held for the defendant saying:

> "The general use of the plaintiff's car was as a taxicab and such use was especially excluded under the terms of the policy. It cannot be said that because the car was parked on the street at the time it burned, it was not being used as a taxicab."

■ In Berryman v. Maryland Motorcar Insurance Co., 1918, 199 Mo.App. 503, 204 S.W. 738, the court in allowing the insured to recover stated that:

> "The law is that temporary noncompliance with provisions of the policy, unless such provision is a warranty, will not work a forfeiture, if there was compliance at the time of the loss."

■

Since it clearly appears that the plaintiff had breached the policy in the respect mentioned by putting the insured vehicle in taxicab service and that the vehicle had never been removed from such service, although not in actual use, because undergoing repairs necessitated by its use as a taxicab, at the time of its destruction by fire, the plaintiff is not entitled to recover on the policy.

In view of the foregoing conclusion, it is unnecessary to pass upon the other question submitted arising out of defendant's alleged cancellation of the policy and the return of the insurance premium.

Summary judgment may be entered for defendant under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.