## MRS. BLANCHE W. KIRKPATRICK et al. v. DOLPH ROBERTS et al. —315 S. W. (2d) 532.

Middle Section.   March 28, 1958.

Certiorari denied by Supreme Court June 6, 1958.

Albert F. Sloan, South Pittsburg, for appellants.

A. A. Kelly and Raulston, Raulston & Swafford, South Pittsburg and Jasper, for appellees.

I

SHRIVER, J. In this case we are confronted with two questions of procedure.

1. Appellants (defendants below) challenge the authority of the Chancellor to dispose of the case by final decree at chambers on notice filed by complainants after an order of mistrial had been entered and the term of court ended.

2. Appellees (complainants below) have moved to affirm the trial court because defendants below failed to make a motion for a new trial after final decree for complainants, the cause having been tried before a jury resulting in a mistrial when the jurors could not agree, but the court subsequently sustained complainants' motion to withdraw the issues from the jury and entered a final decree.

II

This is an ejectment case, wherein the complainants, Mrs. Blanche W. Kirkpatrick et al., filed their bill in the Chancery Court of Marion County, Tennessee, alleging that they were the owners in fee and entitled to immediate

possession of a large tract of land in the third civil district of Marion County described by metes and bounds.

The bill further alleged that, although the complainants were entitled to possession and enjoyment of the land, the defendant, Dolph Roberts, within a few weeks prior to the filing of the bill, had entered on a large portion of the land and asserted title thereto, which is alleged to be spurious and inferior insofar as complainants' title is concerned.

The bill prayed for an injunction to restrain defendants from cutting and removing timber and committing waste; that the title and right of possession to said tract of land be decreed to the complainants, and that they be put in possession thereof by decree of the court. The bill also prayed for damages and for general relief.

The answer denied that they had trespassed on complainants' property and alleged that the land on which they were engaged in cutting timber belonged to defendant, Dolph Roberts, setting out by metes and bounds the description of the land claimed by the defendants.

The answer further alleged that there was probably no conflict between the grants of land claimed by the defendants and that claimed by the complainants but that there was possibly an overlay or conflict and plead the statute of limitations of seven years, T. C. A. sec. 28-205, under color of title and twenty years adverse possession in bar of complainants' rights in the land.

The defendants demanded a jury to try the cause.

The case was heard before the Honorable H. J. Garrett, Chancellor, and a jury, on May 16, 1957.

After the introduction of much proof, two issues of fact were submitted to the jury, but the jurors reported that they were unable to agree and, thereupon, a mistrial was declared and a decree entered to that effect.

It should be observed that, at the conclusion of the evidence, the complainants moved the court to withdraw the issues from the jury and decide the case on the ground that there was no substantial dispute in the material evidence so as to create any determinative issue of fact proper for submission to the jury, which motion was overruled by the Chancellor.

Thereafter, on June 3, 1957, which was less than thirty days from the order of mistrial, complainants filed a written motion in the cause to set aside the order of mistrial and to withdraw the issues from the jury and pronounce a decree. Subsequently, on June 24, 1957, counsel for complainants filed with the Clerk of the Court a notice addressed to defendants' attorney of record,. and designated ''Notice Setting Case for Hearing Before Chancellor at Chambers.''

This notice was to the effect that on July 10, 1957, at 9 :00 A.M. Central Standard Time, complainants would appear before Chancellor H. J. Garrett at chambers in the Courthouse at Manchester, Tennessee, and present the record in the cause and bring on for argument and hearing a motion theretofore filed to vacate the order of mistrial and withdraw the issues of fact from the jury and to proceed to pronounce a final decree in the cause.

On July 10, 1957, the Chancellor entered the following order:

"Mrs. Blanche W. Kirkpatrick et al.

v.

No. 1640
In Chancery at Jasper.

Dolph Roberts et al.

"Order Re-Assigning Chambers Hearing

"Upon statutory notice this cause was set for hearing before, the Hon. H. J. Garrett, Chancellor, at Chambers at Manchester, Tenn., on July 10th, 1957, but thereafter a conflict of engagements arose so that the Chancellor could not hear this cause on the above date, thereby rendering a re-assignment necessary, and,

"It is, therefore, ordered, adjudged and decreed, by the Court, that said cause be, and is hereby, re-assigned and set for hearing, for the purpose set out in said original notice, at Chambers at the courthouse in Manchester, Tennessee, on July 12th, 1957, beginning at 9:00 o'clock A.M., C.S.T., before the undersigned Chancellor.

"Done at Chambers at Manchester, Tennessee, on this the 10th day of July, 1957.

"H. J. Garrett
Chancellor"

After hearing the motion on July 12th and the arguments of counsel concerning same, the Chancellor entered a final decree sustaining the motion, said decree providing, in part, as follows:

"This cause came on to be heard on July 12, 1957, before the Hon. H. J. Garrett, Chancellor, at Chambers, at Manchester, Tennessee, pursuant to written notice filed and served upon Solicitor for defendant as provided by Tennessee Code Annotated, Section 21-1111, upon the whole record in the cause, including the evidence theretofore introduced before the Court upon the trial of the case, and especially upon motion of complainants to set aside the order of mistrial theretofore entered and to withdraw the issues from the jury and pronounce decree in favor of complainants, and after hearing argument of Solicitors for the respective parties and considering briefs filed by them, the Court took the cause under advisement and thereafter on August 6, 1957, filed written opinion, which is ordered to be filed and, made a part of the record in this cause and which is in words and figures as follows:"

The opinion of the Chancellor, incorporated in the decree, is, in part, as follows:

"This is an ejectment action. Complainants proved deraignment of their title from the state. The accuracy of the location of their grant on the ground as proven was in no way controverted by the proof of defendant or by any witness who was competent to do so. Complainants proved by competent survey the location of their lands within the granted land. * * * There does not appear to be any inconsistency between the calls and description in complainants' title papers and the location of their grant upon the ground by competent survey. It is true that defendants dispute the location of the grant but nowhere

in the proof, by survey or other competent proof, do they show where it could or should be properly located.''

The Chancellor further held that the complainants' claim is superior and that the defendants' claim is junior to the grant of complainants and, therefore, sustained the motion to withdraw the issues from the jury, made the temporary injunction permanent, and decreed title and right of possession to the tract of land in the complainants and ordered a reference to the Master to ascertain the amount of timber cut and removed by defendants and the value thereof.

The defendants excepted and perfected their appeal to this Court assigning errors.

## III

### Assignments of Error

Assignments 1 and 2 question the action of the Court in withdrawing the issues from the jury and in pronouncing a decree.

Assignment 3 questions the authority of the Court to set aside the order of mistrial and take the case from the jury and his authority to pronounce a final decree on same.

Assignment 4 questions the exclusion of the testimony of one of the witnesses.

Assignment 5 questions the authority of the Chancellor to enter a final decree at chambers.

IV

We will consider the fifth assignment first inasmuch as it challenges the jurisdiction of the Chancellor to hear and determine this cause at chambers.

Section 21-1111, relating to jurisdiction of chancery courts, is entitled "Questions determinable in vacation." Said section provides that Chancellors shall have the right to hear and determine in vacation and at chambers all issues and questions arising on demurrers, dilatory pleas, etc., and to enter final decrees in causes where parties, or their solicitors, consent to such hearing. Said section further provides, "If the parties do not consent, then the party desiring such action shall give notice in the same manner as provided in the matter of motions to dissolve injunctions * * * at least five (5) days before the date of hearing."

The record shows that counsel for complainant complied with this section in giving notice of the hearing before the Chancellor on the motion in question. It was in the nature of a motion for a rehearing, and, under Section 27-201, T. C. A., 30 days from the entry of judgment is allowed in which to file same, and it is provided, "The expiration of a term of court during said period shall not shorten the time allowed."

We are of opinion that the Court had jurisdiction to hear and determine the motion as was done in this case. Therefore, assignment 5 is overruled.

V

We now come to a consideration of complainants' motion filed in this Court to dismiss the appeal and affirm the judgment below, which motion is as follows:

"Comes the Appellees-Complainants, Mrs. Blanche W. Kirkpatrick, et al, and move the Court of Appeals to dismiss the appeal of the appellants-defendants and affirm the decree of the lower court for the following reason: The case was a jury case in Chancery and defendants below filed no motion for new trial complaining of the action of the Chancellor in withdrawing the issues from the jury and entering decree for complainants or for any of the other errors heretofore assigned."

The record discloses that after the Chancellor sustained the motion of complainants to withdraw the issues from the jury and entered a final decree, the defendants did not file a motion for a new trial. The question is whether or not defendant can rely on the bill of exceptions before us in view of his failure to move for a new trial.

█ Under our statutes a jury trial in the chancery court is subject to the same rules of procedure as a jury trial in a court of law.

In such case, a motion for a new trial has been regarded as an indispensable prerequisite to the right to assign errors and rely on same in an appellate court where said errors go to the action of the trial judge on any matters that may be made to appear by a bill of exceptions.

In the early case of Railroad Co. v. Johnson, 114 Tenn. 632, 88 S. W. 169, it was held that the Supreme Court could only pass on matters which the record showed had been considered and adjudged by the trial court; that a motion for a new trial made and overruled was necessary to obtain relief on account of errors in the trial,

and that said motion must be in writing and entered on the minutes of the court with the action of the court thereon.

This rule was consistently followed in the opinions of the Supreme Court in a long line of cases prior to the enactment of Chap. 94, Acts of 1929, carried in Williams Annotated Code at Section 10622, which, among other things, provided, ''The transcript before the court of appeals in cases tried in any lower court upon oral testimony must contain a motion for a new trial and a bill of exceptions.''

Thus it would seem that this statute was simply expressive of the rule already in force in the state before its passage.

Subsequent to the passage of the above statute, many cases were decided wherein the rule was applied and the statute referred to.

In Anderson v. Stribling, 15 Tenn. App. 267, it was said that the trial of issues of fact in chancery are the same as jury trials at law; and in Jackson v. Old Colony Ins. Co., 31 Tenn. App. 424, 216 S. W. (2d) 354, it was said:

''The defendant did not file any motion for a new trial as is required by Section 10622 of the Code of Tennessee and we therefore will not consider its assignments of error.''

But Section 27-201, T. C. A., entitled, ''Motion for rehearing or new trial,'' provides that a rehearing or motion for a new trial can only be applied for within thirty days from the decree, verdict or judgment sought to be affected and, as seen hereinabove, it provides that

the expiration of a term of court during said period shall not shorten the time allowed.

Section 27-303, T. C. A., entitled, *"Non-jury cases taken to Court of Appeals—Hearing de novo,"* provides that all cases tried in a court of record without the intervention of a jury, whether in equity or at law, and whether tried according to the forms of chancery or according to the forms of law, jurisdiction to review which is in the Court of Appeals, shall be reviewed upon a simple appeal; and no motion for a new trial shall be necessary, but when the case is tried on oral evidence a bill of exceptions shall be filed and included in the transcript. It is shown in brackets at the conclusion of this section that it is a re-enactment of Section 10622, Williams Ann. Code, modified by the Code Supp. of 1950.

The question has arisen several times as to the effect of this statute upon the right to review in the absence of a motion for new trial.

In Ragsdale v. Hill, 37 Tenn. App. 671, 269 S. W. (2d) 911, 912, decided in March 1954, and, of course, after the passage of the foregoing statute in which the specific provision with respect to a motion for new trial was omitted, it was held as follows:

"A motion for new trial serves to suspend judgment so that Trial Judge may have time to correct his errors by grant of new trial and serves to specify error as a ground and prerequisite to appellate review where such error depends upon bill of exceptions.

"Statute, providing that in non-jury cases no motion for new trial shall be necessary, did not abolish

motions for new trials or deprive trial courts of power to grant new trials, or change rule that timely filing of motion for new trial suspends judgment until trial judge can find opportunity to dispose of motion."

The late case of Howell v. Wallace E. Johnson, Inc., 42 Tenn. App. 15, 298 S. W. (2d) 753, 754, held as follows:

"Plaintiffs were not required to file motions for new trial in order to preserve their exceptions to trial judge's orders granting defendant a new trial after verdicts for plaintiffs, but when judge directed verdicts for defendant, plaintiffs were required to move for new trial in order to review such order in appellate courts, and in absence of such motion by plaintiffs, Court of Appeals had no authority to review trial judge's direction of such verdicts and entry of judgments for defendant.

\* \* \* \* \* \* \*

"The Court of Appeals has no authority to change rule of practice requiring plaintiff to file motion for new trial as prerequisite to review of trial judge's direction of verdict for defendant and rendition of judgment thereon, but such change must be made by Legislature or Supreme Court."

Thus, we feel that we must hold that appellants' assignments of error challenging the action of the trial court in withdrawing the issues from the jury and rendering a decree are not available in this Court in the absence of a motion for a new trial.

Having disposed of the only other assignment (No. 5) which might have depended on the technical record and not on the bill of exceptions, we find it necessary to over-rule the other assignments, or more properly, to decline to consider them and, therefore, we must affirm the judgment below.

It would not be improper to add that we have examined this record with a view to considering the merits and are convinced that the complainants made out their case by a preponderance of the evidence and that, therefore, the Chancellor reached the right conclusion. Thus, no injustice has resulted from the failure on the part of counsel for defendants to enter a motion for a new trial below.

The motion of complainants is sustained and the judgment of the trial court affirmed.

Affirmed.

Felts and Hickerson, JJ., concur.