503 A.2d 950

**Robin SEARFOSS, Richard H. Paterson and Ide Air Equipment, Inc., Appellants,**

v.

**AVIS RENT–A–CAR SYSTEMS, INC., Appellee.**

Superior Court of Pennsylvania.

Argued June 5, 1985.

Filed Jan. 24, 1986.

Michael R. Mey, Wilkes-Barre, for appellants.

James Harris, Wilkes-Barre, for appellee.

Before SPAETH,* President Judge, and McEWEN and BECK, JJ.

McEWEN, Judge:

This is an appeal from a declaratory judgment entered in favor of appellee, Avis Rent-A-Car Systems, Inc. ("Avis"), and against appellants after the distinguished Judge Patrick J. Toole, Jr. construed the terms of the car rental agreement entered into between Avis and Richard H. Paterson, Sr. and concluded that Avis had no duty to defend or to provide liability coverage under the terms of the rental agreement. We affirm in this case of first impression in Pennsylvania.

Appellants claim that the operation of the rental vehicle by Richard Harter Paterson, Jr. was a permitted use under the rental agreement and thus, was a use covered by the insurance policy described in the rental agreement. Specifically, appellants in their brief contend:

A. The provision of the lease between Avis and Richard H. Paterson cannot be used by Avis to evade its coverage responsibilities under the lease as interpreted in the light of the No-fault Act and its financial responsibility requirements.

B. Exclusionary clauses on which Avis seeks to rely to avoid coverage of the vehicle cannot apply for failure to notify the insured, Richard H. Paterson, of their existence and effect.

* "President Judge SPAETH joined in this opinion before the expiration of his term on the court."

C. The inconsistencies between the paragraph containing the age restriction and the paragraph labeled "Exclusions" in the rental agreement renders the rental agreement ambiguous and requires strict construction of coverage thereunder in favor of coverage of Richard H. Paterson, Jr., as an insured at the time of the accident.

D. The age reference in the rental agreement is not a "limitation" which limits or excludes liability for insurance coverage.

E. The terms of the rental agreement as limitations on its coverage must be strictly construed against its author and in favor of coverage.

We affirm.

On December 15, 1979, appellant Richard H. Paterson, Sr., as an agent for Ide Air Equipment, Inc. ("Ide Air"), rented a car from appellee Avis. The rental agreement signed by Richard H. Paterson, Sr. included, *inter alia*, the following "Terms for Renting an Avis Car":

I [Paterson and Ide Air Equipment] rent from you the car described ... and I agree to the terms below....

. . . .

*Use of the Car.* I will not allow any use of the car to carry passengers or property for hire or to tow or push anything. I won't allow it in any test, race or other contest and I won't allow its use for any illegal purpose.

*Who Else May Drive the Car.* Only someone in my immediate family who permanently lives with me, a regular fellow employee or someone who appears at the time of rental and signs this agreement, may drive the car, but only with my prior permission. *In any case, the other driver must be at least 21 years old and must be a capable and licensed driver.* [Emphasis supplied]

. . . .

*Liability Insurance. Anyone permitted by this agreement to drive the car* will be protected against liability for causing bodily injury, death or property damage up to limits of coverage of $100,000 for each person, but not

more than $300,000 for each accident. The driver will also be protected against liability for damaging someone else's property, up to $25,000. [Emphasis supplied]

Such coverage will be provided by [Avis] according to the terms of a standard automobile liability insurance policy. If permitted by law, [Avis] can provide coverage under a certificate of self-insurance together with or instead of a policy from an insurance company. In any case, a copy of the policy and/or certificate will be available for ... inspection at [Avis's] main office. No fault insurance coverage is provided where and to the extent the law requires. There's no coverage in Mexico and I promise not to take the car into Mexico.

On December 16, 1979, Richard H. Paterson, Sr. permitted his son, Richard H. Paterson, Jr., who was then under 21 years of age, to use the rented Avis vehicle. At approximately 2:30 a.m. on that date, Richard H. Paterson, Jr. was driving the rented vehicle accompanied by passengers, Robin Searfoss and Gary Smacher, when the car left the roadway travelling at between 55 and 70 miles per hour and crashed. Richard H. Paterson, Jr. died and Robin Searfoss was injured. Appellants subsequently initiated the instant declaratory judgment action against Avis and now appeal the adverse decision of the trial court.

■ Appellants first claim that, in light of the No-fault Act, Avis is required to defend or provide insurance coverage to them in spite of the terms of the rental agreement signed by Richard H. Paterson, Sr. We disagree. An owner of a motor vehicle has the legal right to restrict the permissive use of that vehicle by third persons. *See* e.g., *Phillips v. Henkels & McCoy,* 253 Pa.Super. 512, 515, 385 A.2d 456, 457 (1978).

Avis, the owner of the vehicle, rented the vehicle to Richard H. Paterson, Sr., an agent of Ide Air, subject to the express restriction that operation of the vehicle was restricted to capable and licensed drivers who were at least twenty-one years of age. Appellants admit that Richard H. Paterson, Jr. was under twenty-one years of age at the time

of the accident. While appellants attempt to frame their issues in terms of the insurance coverage responsibilities of Avis, we are not called upon to examine a policy of insurance. Rather, our task is to determine whether appellants have established that Richard H. Paterson, Jr. was driving the Avis vehicle with the expressed or implied permission of Avis.

■ It has been made clear that when the issue for resolution is the permissive use of a vehicle " 'the critical question will always be whether the named insured said or did something that warranted the belief that the ensuing use was with his consent. There must be a connection made with the named insured's own conduct; proof of acts, circumstances and facts such as the continued use of the car, will be insufficient unless they attach themselves in some way to the acts of the named insured.' " *Insurance Co. of North America v. State Farm Mut. Insur. Co.*, 266 Pa.Super. 197, 200, 403 A.2d 611, 612 (1979) *quoting Belas v. Melanovich*, 247 Pa.Super. 313, 324, 372 A.2d 478, 484 (1977). We are thus required to determine if appellants have shown that Avis had given some indication to Richard H. Paterson, Sr., that persons other than those expressly permitted by the terms of the rental agreement could drive the rented car. Here, the trial court found that appellants failed to sustain their burden of proof and that because the agreement specifically prohibited such bailments, Richard H. Paterson, Sr., demonstrated by execution of the rental agreement that he knew and understood that he could not permit anyone under twenty-one years of age to use the Avis car. Since the evidence provides a basis for this finding of the trial court, we will not disturb these conclusions of law on appeal.

■ Appellants next claim that the restrictions in the agreement upon which Avis relies cannot be given effect because Avis failed to notify Richard H. Paterson, Sr. of their existence and effect. We disagree. Our Supreme Court in *Standard Venetian, Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 469 A.2d 563 (1983), held that

where "the language of the contract is clear and unambiguous, a court is required to give effect to that language. In the absence of proof of fraud, failure to read the contract is an unavailing excuse or defense and cannot justify an avoidance, modification or nullification of the contract or any provision thereof." *Id.*, 503 Pa. at 305, 469 A.2d at 566 (citations omitted). Our review of the rental agreement compels the conclusion that appellants are bound by the agreement signed by Richard H. Paterson, Sr. The language employed by Avis regarding "Who Else May Drive The Car" and "Liability Insurance" was plain, free of ambiguity and not susceptible to misinterpretation by Richard H. Paterson, Sr. Accordingly, the claim of appellants based upon the alleged failure of Avis to call attention to those terms of the agreement must be rejected.

Appellants also argue that the asserted inconsistency between the paragraph of the rental agreement entitled "Who May Drive the Car" and that section which is labeled "Exclusions" requires us to construe the terms of the rental agreement so as to find that the use of the car by Richard H. Peterson, Jr. was a permitted use. Appellants thus contend that liability coverage under the agreement extended to Richard H. Peterson, Jr., a permitted driver. We disagree.

■ The rental agreement expressly provides "Who Else May Drive the Car" and prohibits use of the vehicle by any driver under 21 years of age. The paragraph labeled "Liability Insurance" provides that "Anyone *permitted by this agreement* to drive the car will be protected against liability.... Such coverage will be provided by [Avis] according to the terms of a standard automobile liability insurance policy." (emphasis added). It is true that the "Exclusion" paragraph to which appellants refer does not mention any age restriction. However, that "Exclusion" paragraph appears in a portion of the form labeled "Certificate of Insurance" which is merely a summary of the terms of the insurance policy carried by Avis. The "Certificate of Insurance" portion of the form clearly states, however, that the

certificate is merely evidence of insurance under the group policy, and not the policy itself. A copy of the group policy was available for inspection at the rental office where the insurance was offered. The plain and unambiguous terms for renting the Avis car provided that the driver be at least 21 years of age, that persons under such age were not permitted by Avis to drive their car, and, thus, were not covered by Avis' liability insurance. The fact that the exclusion clause in the "Certificate of Insurance" portion of the rental agreement does not mention an age restriction is not inconsistent with the terms of the rental agreement which expressly cover "Who Else May Drive the Car" and who is covered by the "Liability Insurance". We, therefore, reject this claim as meritless.

■ Appellants further argue that the age requirement in the rental agreement is not a limitation or directed exclusion pertaining to insurance coverage but, rather, is a limitation applicable solely to permitted uses. We disagree. The trial court, upon reviewing the rental agreement, pleadings and depositions concluded that the age exclusion clause was valid and applicable to the insurance coverage which was extended only to permitted users of the vehicle. The court has properly found that the class of people entitled to insurance coverage, as unambiguously expressed in the agreement, included only persons who were permitted users under the agreement, and thus expressly excluded from the class are all drivers under 21 years of age.

■ Finally, appellants claim that the terms of the rental agreement which operate to restrict insurance coverage must be strictly construed against the author and in favor of coverage. While such a principle is applied in situations of ambiguity, we are required to give effect to the language of the contract where, as here, such language and terms are clear and unambiguous. *Standard Venetian Blind Co. v. American Empire Insur. Co., supra,* 503 Pa. at 305, 469 A.2d at 566. The contract, which expressly and clearly excludes from the class of permitted drivers all persons under the age of 21, must be construed according to the terms and

conditions set forth therein. Contrary to the arguments presented by appellants, the trial court properly interpreted and applied the terms of the contract, and its decision is, therefore, affirmed.

Judgment affirmed.