619 A.2d 733

**Rakhmil RATUSH, Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Aug. 12, 1992.

Filed Dec. 24, 1992.

Reargument Denied Feb. 25, 1993.

Leonidas N. Koletas, Philadelphia, for appellant.

Cary R. Breon, Brookhaven, for appellee.

Before CAVANAUGH, WIEAND and McEWEN, JJ.

WIEAND, Judge:

While operating a taxi owned by Alexandria Cab Company, a Pennsylvania corporation, of which he was an officer, Rakhmil Ratush was involved in a motor vehicle accident in Philadelphia on October 12, 1989. The cab was insured under a self-insurance plan issued by I.F.T., Inc. Ratush did not make a claim for first party benefits under this plan. Instead, he sought to recover such benefits from Nationwide Insurance Company, which had issued a policy of insurance providing coverage for a vehicle owned by Ratush's wife. Nationwide denied coverage, and Ratush, therefore, filed the present action to recover first party benefits. The trial court, on petition by Nationwide, entered summary judgment, holding that there was no coverage by virtue of a policy provision which excluded coverage for a vehicle which was being "used to carry persons or property for a fee."[1] Ratush appealed from the judgment.

Ratush argues that the policy exclusion was inapplicable to his accident because the taxi which he had been driving was not then carrying a passenger. When the accident occurred, he argues, he was driving to his home and had no intention of carrying persons for a fee. The trial court rejected this argument, reasoning that "[i]t is impossible to distinguish

---

1. The policy relied upon by the trial court provided as follows:

    6. There is no coverage for use by **any insured** of any vehicle to carry persons or property for a fee. However, shared-expense car pools will not be considered carrying persons for a fee.

    Appellant argues that the trial court relied on a policy different than that which had been issued to his wife. This policy, he contends, established an exclusion by the following language:

    We do not provide Medical Payments Coverage for any person for bodily injury:

    . . . .

    2. sustained while **occupying your covered auto** when it is being used to carry persons or property for a fee. This exclusion does not apply to a share-the-expense car pool.

    The slight variance in language does not alter our analysis of the coverage issue raised by appellant.

between the use of a car as a taxi and its private use, based solely on the intent of the driver at a particular moment."

In *Orcutt v. Erie Indemnity Co.,* 114 Pa.Super. 493, 174 A. 625 (1934), the policy contained language excluding coverage while the insured vehicle was being operated for "the carrying of passengers for a consideration." The exclusionary language, the Court said, was plain, unambiguous and reasonable because "[the] insurance company had one rate for pleasure vehicles and vehicles operated by the owner for his own use and another higher rate where automobiles were operated for hire, and if the insured desired to embark in the more hazardous business it was his duty to secure a different policy and pay the higher rate." *Id.* at 496, 174 A. at 626.

Also of import is the decision in *Rykill v. Franklin Fire Ins. Co.,* 80 Pa.Super. 492 (1923), where the policy provided that coverage "shall cease and terminate ... if the automobile described be used for carrying passengers for compensation." Evidence at trial revealed that the insured vehicle had been used to carry passengers for hire prior to the accident. The trial court held that the insurer could not disclaim coverage unless the vehicle were being used to carry passengers for hire at the moment of the accident. The Superior Court reversed. It held that:

> Such a view [the trial court's holding] defeats wholly the manifest purpose of the stipulation and does violence to its terms. The provision is a reasonable one. It was the privilege of the company to decline to enter into this contract unless the insured agreed that the car would not be used at any time to carry passengers for compensation. It is a matter of common knowledge that the premium rate of insurance upon automobiles used for commercial purposes is higher than on cars used for pleasure. The obvious reason for this is the increased hazard. The rate charged is based upon the terms of the contract. No reason is advanced for disregarding the contract.

*Id.* at 494. See also: *Jackson v. Old Colony Ins. Co.,* 31 Tenn.App. 424, 216 S.W.2d 354, 355 (1948) (where "[t]he general use of the [insured's] car was as a taxicab and such

use was especially excluded under the terms of the policy[,] it cannot be said that because the car was parked on the street at the time it burned, it was not being used as a taxicab. The defendant should have notified the [insurer] that the car was being put in taxi service and paid the additional premium provided for such service.").

Thus, in the instant case, the language of the policy was clear. A distinction was created between vehicles owned and operated privately, including vehicles used for car pooling purposes, and vehicles being used to carry passengers for hire. The vehicle being operated by appellant at the time of his accident was a taxicab whose purpose was to carry passengers for compensation. Applicability of the policy's exclusion did not vary according to whether the taxi was occupied or unoccupied at any given moment or according to whether its driver, at that time, did or did not intend to pick up passengers. As appellant conceded in depositions, if someone had flagged him down, there was nothing to prevent his accepting a fare.

Because the summary judgment entered by the trial court was in accord with precedential authority, its action must be, as it is,

Affirmed.

CAVANAUGH, J., files a dissenting statement.

CAVANAUGH, Judge, dissenting:

Since the trial court adjudicated this case on a different automobile insurance policy exclusion than the one in force, I do not believe this case is properly before us and would remand. The appellant before the lower court claimed that the policy in force contained the following medical payments coverage exclusion:

We do not provide Medical Payments Coverage for any person for bodily injury:

2. sustained while **occupying your covered auto** when it is being used to carry persons or property for a fee. This exclusion does not apply to a share-the-expense car pool.

The appellee stated the policy in force contained the following medical coverage exclusion:

6. There is no coverage for use by **any insured** of any vehicle to carry persons or property for a fee. However, shared-expense car pools will not be considered carrying persons for a fee.

The trial court adjudicated this matter based solely on the appellee's version of the exclusion language, and made no mention that there existed a disagreement as to the applicable exclusion language. On appeal, both sides now agree that the exclusion in the policy reads as the appellant has averred. Given that the trial court has not ruled on the policy exclusion actually in force, I would remand so we may have the benefit of the court's analysis.[1]

1. A remand would not necessarily be a fruitless exercise, as I find the argument significantly stronger that the appellant's version of the exclusion militates in favor of his position.