638 A.2d 250

## ERIE INSURANCE EXCHANGE

### v.

**Bryan LAKE, Kevin Stover, Lorraine Stover, William P. Sherman, Executor of the Estate of William W. Sherman, and Ellen D. Sherman, William P. Sherman and Mary J. Sherman, Administrator and Administratrix, Respectively, of the Estates of Jarrod S. Sherman and Justin L. Sherman, William P. Sherman and Mary J. Sherman, Individually and Joshua Ellis, Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1993.

Filed March 14, 1994.

Joseph E. Buckley, Jr., Brookville, for appellants.

John F. Mizner, Erie, for Erie Ins., appellee.

Before DELSOLE, TAMILIA and HESTER, JJ.

HESTER, Judge:

Appellants herein are Bryan Lake, Kevin Stover, Lorraine Stover, William P. Sherman, in his capacity as executor of the Estate of William W. Sherman and Ellen D. Sherman, William P. and Mary J. Sherman, in their capacity as co-administrators of the estates of Jarrod and Justin L. Sherman, William P. Sherman, individually, Mary J. Sherman, individually, and Joshua Ellis. The appeal is from the order entered June 22, 1993, granting summary judgment to Erie Insurance Exchange. The issue presented is whether an insurer can rescind a policy procured by fraud as against innocent third parties when such rescission occurs sixty days after the policy was issued. We are constrained to conclude that under current, binding precedent of this court, an insurer cannot rescind the policy more than sixty days after its issuance when coverage is sought by innocent third parties who did not participate in fraud to procure the policy. Accordingly, we reverse the grant of summary judgment to appellee and

remand for a determination of the amount due under the policy.

The facts are not in dispute. In 1989, Kevin Stover was operating a Ford F–150 pick-up truck insured by appellee. He was intoxicated and collided with a vehicle being operated by William Sherman. The Sherman vehicle contained William, his wife, Ellen, and three of their grandchildren. William and Ellen were killed. Two of the grandchildren, Jerrod and Justin, sons of William P. and Mary J. Sherman, also were killed in the accident. The other grandchild, Joshua Ellis, who is the son of Joyce Ann Sherman Christy, survived but sustained serious injuries.

The insurance policy issued on the pick-up truck admittedly was procured through fraud. Bryan Lake was the alleged owner of the truck and obtained the insurance. However, Stover and Lake, who was his friend, had an arrangement whereby Lake pretended that he owned the truck, but Stover was the actual driver and always retained possession of the truck. The depositions of Lake and Stover establish that Lake knew that Stover could not obtain automobile insurance due to his driving history, which included a conviction for driving while under the influence. Lake also misrepresented to one of appellee's agents that Lake was to be the owner of the Ford pick-up truck. Stover alone used the truck and paid the purchase price. He also paid Lake the insurance premiums, which Lake then forwarded to appellee. This same scheme had been used with two previous vehicles that actually were owned by Stover but which Lake told appellee that he owned. Appellee discovered the arrangement after this tragic accident, which was not within sixty days of when appellee issued the policy of insurance on the pick-up truck involved.

The issue presented in this appeal is whether appellee had the ability to rescind the policy after sixty days of its issuance. We conclude that two recent decisions of this court preclude recission under the circumstances even though clear fraud was perpetrated. *Powell v. Walker*, 428 Pa.Super. 31, 630 A.2d 16 (1993); *Strickler v. Huffine*, 421 Pa.Super. 463, 618 A.2d 430 (1992).

In *Strickler*, the driver procured a policy of insurance and misrepresented his driving record. In *Powell*, the driver responsible for an automobile accident had rented a car and stated that he did not intend to use the car for a taxi. However, the driver did use the car for a taxi and intentionally misrepresented this fact on the application for insurance. On appeal to this court, the insurer argued that it should be able to rescind the policy based upon the fact the driver had misrepresented his intended use of the car by stating that he intended it for personal use only.

In both cases, the insurer attempted to rescind the policy more than sixty days after it had been issued. In both cases, we held that recission was unavailable after that period where an innocent, third party, as opposed to the insured who misrepresented the facts, was seeking the coverage provided by the policies.

Applying the plurality opinion of the Supreme Court in *Metropolitan Property & Liability Insurance Co. v. Insurance Commissioner*, 517 Pa. 218, 535 A.2d 588 (1987), we held:

> In *Metropolitan Prop. & Liab. Ins. Co. v. Insurance Comm'r (Bonnie Beck)*, 517 Pa. 218, 535 A.2d 588 (1987) (plurality) [hereinafter "Bonnie Beck"], our Supreme Court held that an automobile insurer may not rescind an automobile insurance policy upon learning that the application for insurance contained material misrepresentations. In the Opinion Announcing the Judgment of the Court, Justice McDermott reasoned that the General Assembly intended to preempt the common law right of rescission by enacting a comprehensive process for insurance companies to *cancel* automobile insurance policies due to misrepresentations by an applicant. *See* 40 P.S. §§ 1008.1–1008.11. Justice McDermott's plurality opinion explained that the legislature had amended the statute to provide for structured cancellation, even when
>
> > ... the insured has concealed a material fact, or has made a material allegation contrary to fact, or has made a misrepresentation of a material fact and that such con-

cealment, allegation or misrepresentation was material to the acceptance of the risk by the insurer.

40 P.S. § 1008.4(3). Therefore, according to the plurality, instead of having the right to rescind the insurance contract, an automobile insurer in Pennsylvania would only be able to *cancel* the policy, thereby remaining liable for injuries and damages incurred before the cancellation.

The *Bonnie Beck* plurality drew a concurrence, written by Chief Justice Nix and joined by Justices Flaherty and Papadakos, which agreed that the insurers in that case were not entitled to rescind, but opined that Justice McDermott's opinion too broadly construed the legislation as preempting the common law right to rescission. Chief Justice Nix and the two Justices who joined him found a misrepresentation as to driving record immaterial to property damage caused by vandalism.

The view of Chief Justice Nix, that the statutory scheme on cancellation did not preclude the right to rescind, prevailed, to a limited extent. In *Klopp v. Keystone Ins. Co.*, 528 Pa. 1, 595 A.2d 1 (1991), our Supreme Court decided the issue of "whether the legislature intended to exclude recission altogether as a remedy by the passage of Act 78." *Id.* at 6, 595 A.2d at 3. The court held that "Act 78 does not abrogate an automobile insurer's common law right to rescind a policy for sixty days after the policy is written." *Id.* Quoting a portion of the statute that provided: "Nothing in this act shall apply: (3) To any policy of automobile insurance which has been in effect less than sixty days," the Supreme Court held that the insurer was entitled to enforce all of its common law remedies until the statutory scheme applies. *Id.* at 6–7, 595 A.2d at 3, quoting 40 P.S. 1008.6(3).

The court in *Klopp* did not decide or opine whether the right to rescind applies beyond sixty days after the effective date of the policy. Nonetheless, a recent Superior Court decision holds that an automobile insurer has no right to rescind a policy after sixty days in order to deny a claim of an innocent third party:

The outcome of the instant case is not controlled by either *Klopp* or *Shemory v. Keystone Ins. Co.*, 420 Pa.Super.

405, 616 A.2d 1036 (1992), however. Royal sought neither cancellation nor rescission within the prescribed sixty day period. Although there is some dispute as to the effective date of the binder issue to Mr. Huffine, the certified record discloses that it was effective either on the 24th or 25th of April 1985. That the accident underlying the instant appeal occurred on June 20th, fifty-seven days into the binder period, is irrelevant. Royal did not attempt either to cancel the binder or seek rescission until July 28, 1985, well over sixty days after the binder's April effective date. Within the parameters defined by *Klopp* and explicated by *Shemory*, Royal Insurance Company failed to act on a timely basis to protest its rights and is therefore ineligible to receive common law rescission.

*Strickler v. Huffine*, 421 Pa.Super. 463, 618 A.2d 430, 433–34 (1992). Therefore, within sixty days, an automobile insurer can rescind an insurance policy for material misrepresentation. *See Klopp, supra* (first party); *Shemory, supra* (third party). However, after sixty days, in a contest between a third party and a defendant's liability insurer, the insurer is limited to the cancellation process provided by the insurance statute. *Strickler, supra.*

*Powell v. Walker, supra,* 428 Pa.Super. at 36–38, 630 A.2d at 19–20 (footnotes omitted).

Appellee argues that these two cases are distinguishable since the fraud therein, misrepresentation of a driving record, readily was discoverable through a check of driving records. It contends that the fraud in this case was not ascertainable except through extensive investigation. It posits that it is unfairly burdensome to the insurance industry to require it to conduct such investigations.

However, our review of the cases compels us to conclude that this distinction cannot be made. The insured in *Powell* misrepresented his intended use of the vehicle, just as the insured in this case. In *Powell*, the fraud did not involve misrepresentation of driving history which can be discovered through a check of records with the Department of Transpor-

tation. We held in *Powell* that recission nonetheless was not available to an insurer as against an innocent third party.

Furthermore, neither *Powell* nor *Strickler* premise their holdings on whether the fraud is readily discoverable. Both cases provide that where an innocent, third-party is involved, the legislature has provided through enactment of 40 P.S. § 1008.4(3) that an insurer cannot rescind a policy sixty days following its issuance. These holdings are controlling precedent upon this panel. Appellee's remedy lies with our Supreme Court.

In accordance with the foregoing, insofar as the order grants summary judgment against Bryan Lake and Kevin Stover, it is affirmed. Insofar as the order grants summary judgment against Lorraine Stover, William P. Sherman, in his capacity as executor of the Estate of William W. Sherman and Ellen D. Sherman, William P. and Mary J. Sherman, in their capacity as co-administrators of the estates of Jarrod and Justin L. Sherman, William P. Sherman, individually, Mary J. Sherman, individually, and Joshua Ellis, it is reversed. Case remanded for proceedings consistent with this adjudication. Jurisdiction relinquished.