**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant**

v.

**Ronald R. SARTNO, Michele Hebal, Ronald Hebal, Noelle Hebal, Frank Vito d/b/a Frankie's Pizzeria and Restaurant, Frank Vito and Debbie Vito, d/b/a Frankie's Pizzeria Restaurant, and Frankie's Pizzeria and Restaurant, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 12, 2005.

Filed April 12, 2005.

Reargument Denied June 9, 2005.

Karl R. Hildabrand, Hershey, for appellant.

Stephen A. Seach, West Hazleton, for Vito, appellee.

George R. Hludzik, Drums, for Sartno, appellee.

Before: BENDER, GANTMAN and JOHNSON, JJ.

OPINION BY BENDER, J.:

¶ 1 Prudential Property and Casualty Insurance Company ("Prudential") appeals

from the trial court order denying its motion for summary judgment and granting the opposing parties' cross-motion for summary judgment, thereby requiring Prudential to provide automobile insurance coverage to its insured, Robert R. Sartno (Driver), for injuries he allegedly caused while working as a pizza delivery driver for Frankie's Pizzeria and Restaurant (Frankie's Pizza) (collectively with its owner and manager, Frank and Debbie Vito, Frankie's). Throughout the proceedings, Prudential has maintained that it was not required to provide coverage because the policy's "Cars for Hire" exclusion, which bars coverage for anyone using a car to carry property for a fee, applies to Driver's use of his car as a delivery driver for Frankie's Pizza. The trial court disagreed with Prudential, holding that the exclusion did not apply. Upon review, we reverse and hold that the exclusion is unambiguous under the facts of this case and operates to exclude coverage for Driver's use of his car as an employee who was paid wages and tips to deliver pizzas.

¶ 2 The parties agree that there are no genuine issues of material fact. The accident occurred on February 13, 1998. Driver testified at his deposition that the accident occurred as he left the pizza shop to deliver pizzas. After putting the pizzas in the car, Driver put the car in reverse. Driver's car was apparently parked in on-street parallel parking. He testified that he looked in the rearview mirror but did not see Michele Hebal, who was carrying her infant daughter Noelle, crossing behind his car. The car rolled backward, hitting Michele on her hip. Driver was operating his personal vehicle at the time of the accident. Driver had Prudential insurance coverage on the car.

¶ 3 At the time of the accident, Driver was working at Frankie's Pizza on weekdays from 10 a.m. to 2 p.m. In addition to delivering pizzas, Driver prepared food and cleaned. He was paid $6.00 per hour, regardless of which duties he performed. Driver kept any tips he received for delivering pizzas. Frankie's Pizza did not charge a delivery fee.

¶ 4 On December 17, 2002, Michele Hebal and her husband Ronald Hebal, individually and as parents of Noelle, filed a complaint against Driver and Frankie's, alleging negligence. On June 12, 2003, Prudential filed a Declaratory Judgment Action seeking to exclude coverage under Driver's policy, arguing that the "Cars for Hire" policy exclusion applied. Prudential listed Frankie's, Driver, and the Hebals as defendants. This declaratory judgment action is the action now before us; the Hebals' negligence action is not a part of this appeal. After discovery, Prudential and Frankie's filed cross-motions for summary judgment. After the submission of briefs and oral argument, the trial court entered an Order denying Prudential's motion and granting Frankie's motion. Prudential then filed the instant appeal and a Rule 1925(b) statement. On July 30, 2004, the trial court filed an Opinion pursuant to Pa.R.A.P.1925(a) explaining its decision. Prudential now raises the following question for our review:

Is the policy exclusion contained in the Prudential policy for bodily injury caused while using a motor vehicle to carry people or property for a fee ("use for hire" exclusion) enforceable so as to relieve [Prudential] from its obligation to provide liability coverage and a defense for [Driver] where [Driver], at the time of the accident, was operating his vehicle as a paid pizza delivery driver?

Brief for Appellant at 4.

¶ 5 When reviewing a court's grant or denial of a motion for summary judgment, our scope of review is plenary. *See Washington v. Baxter*, 553 Pa. 434, 719

A.2d 733, 737 (1998). "In reviewing a grant of summary judgment, an appellate court may disturb the order of the trial court only where there has been an error of law or a clear or manifest abuse of discretion." *Albright v. Abington Memorial Hospital*, 548 Pa. 268, 696 A.2d 1159, 1167 (1997).

¶ 6 Prudential contends that under the facts of this case, the "Cars for Hire" exclusion bars coverage for Driver's use of his car as a paid pizza delivery driver. The exclusion states:

CARS FOR HIRE

> We will not pay for bodily injury or property damage caused by anyone *using a car* covered under this part *to carry people or property for a fee.* This does not include a car pool. But you and a resident relative are covered if either of you cause an accident while a passenger in a non-owned car for hire.

Prudential Property and Casualty Ins. Co. Automobile Ins. Policy, Part 2. (Reproduced Record at 35a (emphasis added)). Thus, the appeal before us turns on how we interpret the foregoing exclusion.

> The task of interpreting an insurance contract is generally performed by a court rather than by a jury. *The goal of that task is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument.* Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language. Contractual language is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. This is not a question to be resolved in a vacuum. *Rather, contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts. We will not, however, distort the meaning of the language or resort to a strained contrivance in order to find an ambiguity.* The polestar of our inquiry, therefore, is the language of the insurance policy. *Neuhard v. Travelers Ins. Co.*, 831 A.2d 602, 604–05 (Pa.Super.2003) (emphasis added) (quoting *Madison Construction Co. v. The Harleysville Mutual Insurance Co.*, 557 Pa. 595, 735 A.2d 100, 106 (1999)).

¶ 7 Prudential argues that it has no obligation to provide Driver with insurance coverage because the alleged accident occurred while he was delivering property (the pizzas) for a fee (wages and tips). Conversely, Driver and Frankie's argue that the exclusion is ambiguous because it is susceptible to more than one reasonable interpretation, and therefore, it must be construed in Driver's favor and against Prudential. The parties' competing arguments revolve around the meaning of the word "fee." BLACK'S LAW DICTIONARY defines the word simply: "A charge for labor or services, esp. professional services." BLACK'S LAW DICTIONARY 647 (8th ed.2004). Frankie's contends that since it did not charge customers a "fee" for delivery, Driver was not carrying property for a fee.

¶ 8 In one of the cases cited by Frankie's, *United States Fidelity & Guaranty Co. v. Lightning Rod Mutual Ins. Co.*, 80 Ohio St.3d 584, 687 N.E.2d 717 (1997), the Supreme Court of Ohio addressed the issue of whether an insurance policy that excluded "coverage for operation of a vehicle carrying property 'for a fee' covers an insured who is paid an hourly wage and is reimbursed for mileage for making deliveries but is not paid per delivery." *Id.* at

718. In *Lightning Rod*, the insured was also a pizza delivery driver who worked for an hourly wage and did not receive a fee for each delivery. The court concluded that the exclusion was ambiguous and susceptible to two interpretations.

> Thus, Lightning Rod's policy can be read two ways: first, as excluding from coverage use of a vehicle to transport property when there is *any* kind of payment to the insured, and second, as excluding coverage only when a fee is paid *specifically for* the particular act of transporting property. Under the first reading, [the driver's] use of her car to deliver pizza would be excluded from coverage because Domino's was paying her an hourly wage. Under the second reading, however, this use would *not* be excluded by the Lightning Rod policy, since neither Domino's nor its customers paid [the driver] a fee specifically for delivering the pizza.

*Id.* at 719. We disagree with this reasoning.

¶ 9 The focus of our inquiry should not be on what a customer paid for the pizza or what Frankie's charged or did not charge for the delivery. Rather, our focus should be on the benefit that accrued to Driver, who is the insured, for delivering the pizzas. *Cf. Brosovic v. Nationwide Mut. Ins. Co.,* 841 A.2d 1071 (Pa.Super.2004). Thus, the interpretation of the exclusion espoused by Frankie's does not focus on the relevant factors. Under Frankie's interpretation, the exclusion would only apply when a customer pays a charge specifically designated for the transportation or delivery of the property. Thus, the enforceability of the exclusion would depend on whether a pizza shop charged a delivery fee. If it did charge for delivery, then the exclusion would be enforceable. And if it did not charge for delivery, then the exclusion would be unenforceable. But such an interpretation is certainly arbitrary and far-removed from our task of ascertaining the intent of the parties.

¶ 10 In *Brosovic*, this Court addressed whether a similar exclusion was ambiguous when the insured did not receive a distinct remuneration for each delivery.

> Although Appellant's interpretation of the exclusion turns on whether he directly received a fee, there are no words in the exclusion that would support such an interpretation. The exclusion plainly addresses situations in which an insured is using a vehicle to carry [ ] property for a fee. In this case, Appellant was working as a delivery driver when he was injured in the back of his delivery van. A delivery van is certainly a vehicle used to carry property for a fee. It is of no consequence that the fee was paid to Appellant's employer rather than Appellant himself.

*Id.* at 1072 (emphasis added). *Brosovic* is certainly distinguishable on the basis that the insured was working for a delivery service that charged its customers specific sums for each delivery. However, the insured was paid a wage regardless of the charges paid by the delivery service's customers.

¶ 11 At the time of the alleged accident in this case, Driver was in fact carrying property, *i.e.,* delivering pizzas. The customers that received the pizzas paid Driver a sum, which he then tendered to Frankie's Pizza. In exchange, Frankie's Pizza paid Driver a wage for this work, and furthermore, Driver kept the tips that he received for delivering pizzas. Driver was not delivering pizzas gratuitously, nor was it an incidental or isolated task. It was his job. He delivered pizzas and was paid to do so. If he did not deliver the pizzas, then he undoubtedly would not have been paid.

¶ 12 Frankie's argues that had "Prudential sought to exclude coverage for free deliveries of pizza, it should have provided such a definition in its policy." Brief for Appellees at 6–7. This is an unreasonable claim. It is of no consequence whether Frankie's Pizza charged for delivery. As stated above, in determining whether the exclusion bars coverage in this case, we must focus on Driver's use of the insured vehicle, and the monetary benefit that he received in return for such use. Insurers cannot contemplate every scenario in which an insured regularly uses the vehicle for delivering property or carrying persons and in exchange receives a monetary benefit. *See Rudloff v. Nationwide,* 806 A.2d 1270, 1274 (Pa.Super.2002) (en banc) (stating, "Clearly, an insurer will not have every relevant fact known to it when it decides to underwrite any particular risk and, therefore, insurers invariably underwrite risks that are dependent on some unknown factors."). And therefore, insurers should not be required to write exclusions that include a list of every possible factual scenario in which the insured is using the vehicle to essentially haul goods for money.

¶ 13 In conclusion, we hold that the exclusion is unambiguous and is written broadly to encompass situations, such as the one in this case, in which an insured, as one of his primary job duties, regularly uses his automobile to deliver property, and in exchange, receives a monetary benefit. It is common sense that the purpose of this exclusion is to limit the insurance company's liability so as to exclude those situations in which an insured is using his or her automobile in a commercial environment to carry persons or property and receives money for doing so. This Court should not resort to a strained contrivance to find an ambiguity when we are faced with the precise factual scenario to which the allegedly ambiguous exclusion applies. Accordingly, the exclusion is enforceable,

and Prudential is not required to provide coverage to Driver for the alleged accident.

¶ 14 Order REVERSED.

¶ 15 Judge JOHNSON files a dissenting opinion.

JOHNSON, J., Dissenting.:

¶ 1 The Majority concludes that the language "carry people or property for a fee" unambiguously operates to exclude coverage whenever an insured driver uses his or her vehicle to transport people or property in the scope of his or her employment. In so doing, the Majority's analysis fails to address the critical issue: the policy language. Instead, the Majority focuses on whether a delivery fee is truly a relevant factor, Op. at 89, and the ability of insurance companies to draft exclusions that insulate them from liability, Op. at 90. After examining the plain and ordinary meaning of the policy language, I find that it is ambiguous. Specifically, I conclude that, in addition to the interpretation supported by the Majority, the term "fee" can also be reasonably interpreted to mean simply a delivery charge, which would not encompass the hourly wages Driver received for delivering pizzas, cooking, and cleaning at Frankie's Pizza. Accordingly, I dissent.

¶ 2 As the Majority noted, "[t]he goal of [interpreting an insurance contract] is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument .... *The polestar of our inquiry, therefore, is the language of the insurance policy.*" *Neuhard v. Travelers Ins. Co.,* 831 A.2d 602, 604–05 (Pa.Super.2003) (emphasis added) (quoting *Madison Constr. Co. v. Harleysville Mut. Ins. Co.,* 557 Pa. 595, 735 A.2d 100, 106 (Pa. 1999)). Fee is not defined in the insurance policy. Thus, I begin by reviewing common definitions of fee. *See Madison Constr. Co.,* 735 A.2d at 108 (holding that

we must interpret words in an insurance contract according to their "natural, plain, and ordinary sense" and we may rely on dictionary definitions to do so). Simply put, a fee is a "fixed charge," Webster's II New Riverside Dictionary 253 (1996), or "[a] charge for labor or services, esp[ecially] professional services." Black's Law Dictionary 629 (7th ed.1999). An earlier edition of Black's Law Dictionary has a longer, albeit similar definition:

A recompense for an official or professional service or a charge or emolument or compensation for a particular act or service. A fixed charge or perquisite charged as recompense for labor; reward, compensation, or wage given to a person for performance of services or something done or to be done.

Black's Law Dictionary 553 (5th ed.1979). Inherent in each of these definitions is the notion that a fee is given *in exchange for* services; a fee is not gratuitous in nature. Thus, tips cannot constitute a "fee." These definitions do not illuminate, however, whether "fee" as it is used in the policy refers to the wages Driver receives from Frankie's pizzeria.

¶ 3 Our jurisdiction has not addressed this precise issue. The caselaw in this area is largely inapposite. *See, e.g., Brosovic v. Nationwide Mut. Ins. Co.,* 841 A.2d 1071 (Pa.Super.2004); *Ratush v. Nationwide Mut. Ins. Co.,* 422 Pa.Super. 389, 619 A.2d 733 (1992); *Rykill v. Franklin Fire Ins. Co.,* 80 Pa.Super. 492 (1923) (all involving either a document delivery or taxicab service for which customers paid a specific transportation charge). Also inapposite is *Aetna Cas. & Sur. Co. v. Davis,* in which our Court held that a driver who, as a one time event, hauled a friend's refrigerator did not carry property for a fee, even though he gratuitously received $15 for gas. *See* 418 Pa.Super. 284, 614 A.2d 273 (Pa.Super.1992). Thus, this is a matter of first impression in our Commonwealth.

¶ 4 Looking outside our own jurisdiction, *see Drake v. Drake,* 555 Pa. 481, 725 A.2d 717, 724 (1999) (holding that we may do so for guidance in the absence of controlling Pennsylvania caselaw), I find substantial support for my analysis. For instance, the Supreme Court of Ohio concluded that a policy exclusion precluding coverage when a vehicle was used "to carry persons or property for a fee" was ambiguous as applied to a pizza delivery driver who was paid only an hourly wage but was reimbursed for mileage. *See U.S. Fid. & Guar. Co. v. Lightning Rod Mut. Ins. Co.,* 80 Ohio St.3d 584, 687 N.E.2d 717 (1997). The Court found two reasonable interpretations, one excluding coverage whenever the driver transports people or goods in the scope of employment, and one excluding coverage only when the driver transports people or goods specifically in exchange for "the particular act of transporting property." *Id.* at 719. The majority of jurisdictions agree that such language is ambiguous. *See, e.g., Progressive Cas. Ins. Co. v. Metcalf,* 501 N.W.2d 690 (Minn.Ct.App. 1993) (finding "for a fee" exclusion ambiguous, thus providing coverage for pizza delivery driver); *Pizza Hut of Am., Inc. v. W. Gen. Ins. Co.,* 36 Ark.App. 16, 816 S.W.2d 638 (1991) (finding "fee" ambiguous as applied to a pizza delivery driver whose pizza shop does not charge for deliveries); *Cincinnati Ins. Co. v. W. Am. Ins. Co.,* 112 F.Supp.2d 718 (D.Ill.2000) (holding that a United States Postal Service employee did not carry property "for a fee" when he delivered USPS mail in his private vehicle in the scope of his employment); *see also* Randy J. Sutton, Annotation, *What Constitutes Use of Automobile "To Carry Persons or Property for Fee" Within Exclusion of Automobile Insurance Policy,* 57 A.L.R. 5th 591 (1998). In addition, some jurisdictions conclude that there is no ambiguity, hold-

ing that "fee" cannot reasonably be interpreted to mean compensation or wages and means only a specific delivery charge. *See, e.g., RPM Pizza, Inc. v. Auto. Cas. Ins. Co.,* 601 So.2d 1366 (La. 1992).

¶ 5 Even conceding that the policy language can be reasonably interpreted to bar coverage when a person carries property in the scope of his or her employment, I conclude that the policy exclusion can also be interpreted more narrowly to bar coverage only if the driver carries goods or people in exchange for a specific transportation/delivery charge. Under this narrower interpretation, a driver would still be covered under the insurance policy even if he or she carried property in the scope of his or her employment, as long as neither the driver nor the driver's employer would impose or receive a delivery charge. The reasonableness of this interpretation is heightened by the actual exclusion's heading, "Cars for Hire". This language suggests that the fee is being given in exchange for *use of the vehicle.* The heading does not suggest that coverage would be barred any time an insured used the car to transport goods or people in the scope of employment. Thus, even the heading itself suggests that the parties intended for the exclusion to apply only to paid transportation services.

¶ 6 In *Brosovic,* a case on which the Majority substantially relies, our Court held that the identically-worded exclusion barred coverage on an Airborne Express document delivery service van because "[a] delivery van is certainly a vehicle used to carry property for a fee." 841 A.2d at 1074. Our Court determined that property was being carried for a fee, not because the driver worked as a delivery serviceperson, *but because the company imposed a delivery charge. Id.* at 1074. Nowhere did our Court say that we must focus on the benefit to the delivery driver, Slip. Op.

at 6; in fact, we actually said that it does not matter who receives the financial benefit, or the delivery fee, so long as one is charged. *See Brosovic,* 841 A.2d at 1074. ("It is of no consequence that the [delivery] fee was paid to Appellant's employer rather than Appellant himself."). Thus, when we examine whether property was transported for a fee, we must look at whether any delivery/transportation charge was paid or received. In the instant case, then, to determine whether Driver carried property for a fee, we must focus purely on whether there was a delivery fee charged by Frankie's Pizza or paid by Frankie's Pizza's customers.

¶ 7 In the instant case, Frankie's Pizza did not impose a delivery charge. Any tips Driver received were gratuitous; thus, they do not constitute "fees" under any of the dictionary definitions listed. In addition, Frankie's Pizza did not pay Driver based on the number of deliveries made. Driver's wages were independent of the tasks he performed. He received the same wage whether he continuously delivered pizzas or whether he worked inside the pizzeria during his shift. *See Aetna,* 614 A.2d at 278–79 ("money passing ... to the operator of a car, though associated with the carrying of [property], may or may not be a consideration for such carrying").

¶ 8 Thus, whether Driver carried property "for a fee" depends on the interpretation of "fee." Under the broader interpretation, Driver carried property for a fee because it occurred in the regular scope of his employment. Under another reasonable, albeit narrower, interpretation of the policy language, Driver did not carry property for a fee because there was no delivery charge. Accordingly, I conclude that there are two different, reasonable interpretations with differing outcomes. Thus, the language is ambiguous. *See Madison Constr. Co.,* 735 A.2d at 106. This narrow-

er interpretation does not force insurance companies to draft exclusions covering "every possible factual scenario," Slip. Op. at 8, rather, the company need only define in the policy what constitutes a "fee." In the absence of such a definition in the policy, and based on the plain, ordinary meaning of the policy language, *see Egger v. Gulf Ins. Co.*, 864 A.2d 1234, 1242 (Pa.Super.2004), I conclude that an ambiguity exists. Since we construe ambiguous policy provisions in favor of the insured, *see Madison Constr. Co.*, 735 A.2d at 106, I would conclude that the "Cars for Hire" exclusion does not apply to vitiate Prudential's coverage obligation under the policy. Accordingly, I would affirm the trial court order granting Frankie's motion for summary judgment. For these reasons, I respectfully dissent.