# Rykill v. Franklin Fire Insurance Co., Appellant.

*Insurance—Automobiles — Carrying passengers for hire — Prohibited use under policy—Avoidance of policy.*

Where a policy of insurance on an automobile provided that the insurance should cease, if the machine was used to carry passengers for hire, there can be no recovery under the policy, when the automobile has been used in a manner prohibited in the contract of insurance.

The use of the automobile for carrying passengers for hire, having been prohibited by the terms of the policy, the insured must be held to have known that his contract terminated if he violated these conditions.

Argued November 21, 1922.   Appeal, No. 263, Oct. T., 1922, by defendant, from judgment of C. P. Delaware Co., June T., 1917, No. 601, on verdict for plaintiff in the case of John Rykill v. The Franklin Fire Insurance Company of Philadelphia.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Assumpsit on policy of insurance.   Before JOHNSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $337.36, and judgment thereon.   Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*Horace Michener Schell,* and with him *William C. Alexander,* for appellant.—The automobile was used in a manner prohibited in the policy and there could be no recovery: McCurdy v. Orient Ins. Co., 30 Pa. Superior Ct. 77; Hardiman v. Fire Assn., 212 Pa. 383; Kress v. Ins. Co. of the State of Pa., 18 Luzerne Leg. Reg. 278.

*E. A. Howell,* for appellee, cited: Yost v. Anchor Fire Insurance Co., 38 Pa. Superior Ct. 594; Louck v. Orient Insurance Co., 176 Pa. 638; McClure v. Mutual Fire Insurance Co., 242 Pa. 59.

OPINION BY GAWTHROP, J., March 2, 1923:

This is an action upon a policy of insurance on an automobile to recover loss resulting from three separate collisions. From a judgment entered on a verdict for the plaintiff comes this appeal. The errors assigned are the refusal of defendant's point for binding instructions and judgment for defendant n. o. v. The insufficiency of the plaintiff's case is urged on several grounds. But two of these need to be considered. The policy sued on contains these express stipulations:

"This policy shall cease and terminate......(3) if the automobile described be used for carrying passengers for compensation or be rented or hired without the written consent of the company endorsed thereon."

"Statement 7. The automobile described will not be rented to others or used to carry passengers for a consideration, except......No exceptions."

The policy issued October 13, 1916. The following facts are undisputed: The dates of the three accidents resulting in the loss sued for were May 26, 1917; June 17, 1917, and September 3, 1917. On April 25, 1917, the plaintiff filed with the city clerk of the City of Chester an application for and received a "Jitney Automobile" permit, which we understand to be a license to carry passengers for hire. Prior to the accident in June, the automobile had been used to carry passengers for hire. Upon this showing, the interpretation of the provisions of the policy quoted above was for the court. The learned trial judge, adopting the views of the other member of the court who tried the case on a former occasion, held that unless the automobile was being used for a prohibited use at the time the accident took place, it was not a defense against the claim. With this con-

clusion, we do not agree. Such a view defeats wholly the manifest purpose of the stipulation and does violence to its terms. The provision is a reasonable one. It was the privilege of the company to decline to enter into this contract unless the insured agreed that the car would not be used at any time to carry passengers for compensation. It is a matter of common knowledge that the premium rate of insurance upon automobiles used for commercial purposes is higher than on cars used for pleasure. The obvious reason for this is the increased hazard. The rate charged is based upon the terms of the contract. No reason is advanced for disregarding the contract. Under the construction placed upon it by the learned court below, the policy was only suspended during the time the automobile was being used for carrying passengers for compensation. On principle the case is not distinguishable from Hardiman v. Fire Insurance Association of Philadelphia, 212 Pa. 383, in which the policy provided inter alia: "This entire policy, unless otherwise provided by agreement endorsed hereon and added hereto, shall be void if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." In that case, when the policy was issued, the plaintiff and his family were occupying the insured premises. In the following October they closed the house and moved to Philadelphia for the winter. In the following May they returned to the insured premises and continued to occupy the house until September, when it was destroyed by fire. In a suit on the policy the company defended on the ground that the policy had become void under the condition quoted above, because the house had become vacant and unoccupied without permission for more than ten days, and the trial judge gave binding instructions for the defendant. The appellant contended that an intervening breach of the condition of the policy was immaterial so long as the property was occupied at the time the policy issued and at

the time of the fire. The Supreme Court held that the company had a right to rely upon this condition in the policy, and as the condition was violated by the insured, the company had the right to treat the policy as void from the date of the expiration of the ten-day vacancy. In the case at bar, the use of the automobile for carrying passengers for hire is prohibited in terms. The insured must be held to have known that his contract terminated if he violated its conditions. Nor is this a case of the violation of the terms in one instance only. The evidence shows that the use of the car for the prohibited purpose was habitual rather than exceptional. It is not straining a point to hold that the use rendered the policy void.

We have examined McClure v. Mutual Fire Insurance Company of Chester County, 242 Pa. 59, and the other case cited by the appellee on this point. It is sufficient to say that they are all distinguishable in material particulars from the case at bar. The rule of reasonable enforcement of insurance contracts as adopted in McClure v. Mutual Fire Insurance Company of Chester County, supra, must yield in this case to the plainly expressed intention of the parties to declare a forfeiture. In that case the controlling question raised was whether the policy was rendered void because some prohibited articles enumerated therein were kept upon the premises during the life of the insurance contract. It appeared, however, that this occurred at least two years prior to the fire and the insured paid two annual premiums and received two renewal receipts after the ceasing to keep the prohibited articles on the premises. It was held that the policy was suspended during the time the prohibited articles were kept on the premises and was revived by the discontinuance of the keeping or use of the prohibited articles and by what subsequently occurred between the parties. The case is distinguished from the case at bar by these facts.

The judgment is on a verdict awarding damages resulting from three separate accidents.   For the reasons above set forth, there could be no recovery for the second and third accidents, which happened after the prohibited use of the automobile.   It is urged by counsel for appellant that the evidence as to the damage to the car in the accident of May 26th was insufficient to submit to the jury.   The amount of loss averred as resulting from that accident was $45.90.   The only witness who undertook to fix the extent of the damage to the car on that occasion was one Quinn, who repaired it after the June accident and charged $65.15.   He was unable to testify what repairs, if any, were made as a result of the May accident. The policy covers loss in excess of $25, which amount shall be deducted from the amount of any claim for loss or damage sustained in any one accident.   There was no evidence from which the jury could be permitted to find that the damages for the May accident amounted to that sum.   The learned trial judge indicated his doubt as to the sufficiency of the testimony in this respect when he characterized it in his charge as "pretty uncertain."   We have no doubt as to its insufficiency.   It follows that upon this point also the appellant's contention must be sustained.   The defendant, therefore, was entitled to have had a binding direction in his favor or to have judgment thereafter entered n. o. v.

The judgment is reversed and the record remitted to the court below, with direction to enter a judgment in favor of the defendant notwithstanding the verdict.