IN THE MATTER OF THE ESTATE OF ALBERT STEPHENS, DECEASED.

Superior Court of New Jersey
Appellate Division

Argued October 23, 1961—Decided October 27, 1961.

Before Judges GAULKIN, KILKENNY and HERBERT.

*Mr. Lewis M. Holland* argued the cause for the appellant (*Messrs. Warren, Chasan & Leyner,* attorneys).

No appearance on behalf of Ollie Mae Jackson.

PER CURIAM. Albert Stephens died intestate May 11, 1960. Forty-three days later, Ollie Mae Jackson filed a complaint in the Union County Surrogate's Court alleging that she was "a creditor of the said decedent in the sum of $1,096.02 for reimbursement for funeral expenses" and, since no other application for administration had been made, she asked that letters of administration be granted "to her or some fit and proper person." Notice that the application would be heard August 25, 1960 was given to Jane Long, a niece, and Roscoe Richmond, a nephew, of decedent.

According to the opinion of the County Court this is what happened on August 25, 1960:

At the hearing before Surrogate Eugene J. Kirk on August 25, 1960, the following persons appeared: Ollie Mae Jackson of Eliza-

beth, N. J.; Christine Long, New York, the daughter of Jane Long, a niece; William Richmond, New York; Josephine Carter, New York; Raymond Chasan, attorney of Jane Long; and Bravell Nesbitt.

Raymond Chasan opposed the appointment of Ollie Mae Jackson since she was not a relative of the decedent. Miss Jackson contended that the funds with which she paid the funeral bill were obtained through insurance policies and that she had no joint bank accounts with the deceased.

After considering the matter, the Surrogate appointed Ollie Mae Jackson Administratrix of the estate and she was required to file a $500.00 surety bond. The records do not reveal any cross complaint filed by the above next of kin.

The objection voiced to the appointment of Jackson created a "dispute" within the meaning of R. R. 5:3–3(a)(4) and N. J. S. 3A:2–5. It was not necessary that the objection be in writing, or that the objectors file their own complaint for administration. *In re Estate of Alexandravicus,* 35 N. J. 230, 233 (1961); *In re Estate of Watson,* 35 N. J. 402, 409 (1961). Once a dispute arises, the surrogate "shall not act except in accordance with the order or judgment of the County Court." *Alexandravicus, supra,* 35 N. J., at p. 234. The surrogate should not have issued the letters of administration to Jackson, but should have remitted the parties to proceed under R. R. 5:3–3(b).

Jane Long's counsel then obtained an order to show cause, pursuant to R. R. 5:3–4(a), "why the order or judgment of the Union County Surrogate's Court entered August 25, 1960, awarding letters of administration in the above entitled estate to said Ollie Mae Jackson, should not be vacated and set aside, and why the letters of administration issued thereunder should not be revoked, and why letters of administration on the said estate should not be issued to Jane Long, niece and next of kin of the decedent, or to some other next of kin of equal status." The County Court reports, in a "Statement in Lieu of Record," that on the return date of the order to show cause "no proofs were adduced by, nor was any testimony taken from or on behalf of, either of the parties, since apparently there were no issues of fact

involved. Counsel for the appellant, however, contends that the exception to this was whether the said Ollie Mae Jackson was a creditor of the estate. Counsel for the defendant contends that this issue was not raised at the oral argument." Unfortunately the proceedings were not recorded stenographically, and the County Court has not resolved the question whether Jackson's status was challenged.

It appears from the letter opinion disposing of the matter that the County Court considered that its only function was to determine whether the surrogate acted lawfully. The County Court held that the surrogate had so acted, and its judgment merely "Ordered that the Motion to set aside the granting of letters of administration to Ollie Mae Jackson is and the same is hereby dismissed."

As we have said, the surrogate's action was contrary to law, and the motion to vacate the letters of administration should have been granted. The County Court should then have determined to whom letters of administration should be granted, after taking whatever material testimony the parties chose to offer. The mere fact that the next of kin had made no application for administration for more than 40 days after the death of the decedent does not foreclose them absolutely from consideration, nor does it give Jackson, even if she be a creditor, an absolute right to appointment. *Cf.* 6 *N. J. Practice* (*Clapp, Wills and Administration*) § 379, *p.* 245 (1950); *In re Vealie's Estate,* 22 *N. J. Misc.* 284, 38 *A. 2d* 449 (*Surr. Ct.* 1944).

For the foregoing reasons, the grant of the letters of administration by the surrogate is set aside, and the matter is remanded to the County Court for further proceedings not inconsistent with this opinion.