## Nationwide Mutual Insurance Co. v. Bogert

C.P. of Monroe County, no. 2579 Civil 1999

*Lauren E. Dobrowalski,* for plaintiff.
*Gerard J. Geiger,* for defendant Bogert.
*John R. Vivian,* for defendant McNeir.

WORTHINGTON, *J.,* March 16, 2000—Plaintiff commenced the present action by filing an action for declaratory judgment, asking the court to order that it is not obligated to provide liability coverage to their insured, defendant Margaret Bogert, as a result of an accident occurring on March 20, 1997.

The material facts are not in dispute. Bogert met defendant Margaret McNeir through the Monroe County Older Workers' Employment Services in October of 1995. This agency assists the elderly in finding employment. McNeir had posted a job listing for a "compan-

ion." The agency informed McNeir of Bogert's interest and the two women met. McNeir hired Bogert as a companion for an hourly wage of $6.

As part of her employment, Bogert performed general housework such as stripping the beds, cleaning, and putting away groceries. She also provided transportation for McNeir to visit, among others, her doctor, her therapist, and her hairdresser. Bogert's hourly wage remained fixed at $6 whether providing housework or transporting McNeir to various locations. Bogert was not paid any additional fee for fuel or wear and tear of the vehicle. She filed amended tax returns for the years 1995 through 1997, classifying her employment position as "companion driver."

On March 20, 1997, Bogert drove McNeir to a hardware store. While parking her vehicle in the store's lot, Bogert crashed into the hardware store. Plaintiff, as Bogert's insurer, investigated the surrounding circumstances of the accident and informed her that it was not obligated to provide liability coverage. Plaintiff cited the following clause from the insurance policy:

"Coverage Exclusions

"This coverage does not apply to:

"(2) any motor vehicle while used to carry persons or property for a fee. Motor vehicles used in a shared-expense car-pool are not considered as carrying persons for a fee." See plaintiff's motion for summary judgment, exhibit B, p. 8.

According to plaintiff, Bogert was "carrying persons for a fee" at the time of the accident and pursuant to this exclusion clause, it was not obligated to provide liability coverage.

Plaintiff filed a motion for summary judgment asking the court to issue an order declaring that it is not obligated to provide liability insurance to Bogert. Bogert filed a cross-motion for summary judgment asking the court to order plaintiff to provide liability coverage and defend all claims arising from the accident. After briefing and oral argument, the motions are now before this court for disposition.

Summary judgment, in whole or in part, is proper as a matter of law "(1) whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report." Pa.R.C.P. 1035.2.

The court may consider pleadings, depositions, answers to interrogatories, admissions and supporting affidavits. Pa.R.C.P. 1035.1. The non-moving party may not rest upon the mere allegations or denials in the pleadings but must respond within 30 days after service of the motion. Pa.R.C.P. 1035.3(a). If a party does not respond, summary judgment may be entered against that party. Pa.R.C.P. 1035.3(d). The moving party bears the burden of demonstrating that a genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *First Wisconsin Trust Co. v. Strausser,* 439 Pa. Super. 192, 198, 653 A.2d 688, 691 (1995). The record must be viewed in the light most favorable to the non-moving party and any doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 98, 674 A.2d 1038, 1041 (1996); *Dublin by Dublin v. Shuster,* 410 Pa. Super. 1, 598 A.2d 1296 (1991). Summary judgment can only be granted when the right to judgment is

clear and free from doubt. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991).

With these standards in mind, the court finds that there are no genuine issues of material fact and therefore it is proper for the court to rule upon the plaintiff's and Bogert's summary judgment motions. The issue in this case is whether plaintiff is required to provide liability coverage to Bogert as a result of the accident. The starting point in our analysis is Bogert's insurance policy on the vehicle. Insurance contracts are considered contracts of adhesion and therefore any ambiguities must be resolved in favor of the insured. *Mohn v. American Casualty Co.,* 458 Pa. 576, 326 A.2d 346 (1974). When an insurance company relies on a policy exclusion as the basis for its denial of coverage and refusal to defend, as the plaintiff has in this matter, "the insurer has asserted an affirmative defense and, accordingly, bears the burden of proving such defense." *Madison Construction Company v. Harleysville Mutual Insurance Company,* 557 Pa. 595, 605, 735 A.2d 100, 106 (1999) (citing *Erie Insurance Exchange v. Transamerica Insurance Co.,* 516 Pa. 574, 580, 533 A.2d 1363, 1366 (1987)). The court generally performs the task of interpreting an insurance contract. *Madison,* 557 Pa. at 606, 735 A.2d at 106. The Supreme Court in *Madison* quoted *Gene and Harvey Builders v. Pennsylvania Manufacturers' Association,* 512 Pa. 420, 426, 517 A.2d 910, 913 (1986), in saying:

"The goal of that task is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument. Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter

of the agreement. Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language." *Madison,* 557 Pa. at 606, 735 A.2d at 106; see also, *Bateman v. Motorists Mutual Insurance Co.,* 527 Pa. 241, 245, 590 A.2d 281, 283 (1991).

The ambiguity of a contractual term is not tested in a vacuum, but against a particular set of facts. *Madison,* 557 Pa. at 606, 735 A.2d at 106. The term is deemed ambiguous if it is subject to more than one reasonable interpretation. *Id.* However, the court will not distort or strain the meaning of language in order to find an ambiguity. *Steuart v. McChesney,* 498 Pa. 45, 51, 444 A.2d 659, 663 (1982).

In *Aetna Casualty & Surety Company v. Davis,* 418 Pa. Super. 284, 614 A.2d 273 (1992), the Superior Court addressed similar language in an insurance contract exclusion clause. It stated "that the case law in this jurisdiction is sparse and vintaged on the enforceability of a 'carrying for a fee' exclusion in an insurance contract." *Davis,* 418 Pa. Super. at 290, 614 A.2d at 276. The Superior Court stated that although case law is limited, it was able to set forth several determinative factors on which to base our opinion. *Id.* Those factors are: whether the prohibited activity is habitual or exceptional, see *Rykill v. Franklin Fire Insurance Co.,* 80 Pa. Super. 492, 495 (1923); the relation between the "cost of carrying" to the actual amount of money received, see *Gross v. Kubel,* 315 Pa. 396, 172 A.2d 649 (1934); the relationship between the two parties, see *Orcutt v. Erie Indemnity Co.,* 114 Pa. Super. 493, 174 A.2d 625 (1934); the circumstances surrounding the transaction, *Davis,* 418 Pa. Super. at 295, 614 A.2d at 279 (quoting *Myers v.*

*Ocean Accident & Guarantee Corp.,* 99 F.2d 485, 489 (4th Cir. 1938)); the existence or lack of common interest, *id.;* and the pleasure or benefit in making the journey. *Id.*

In *Rykill v. Franklin Fire Insurance Co.,* 80 Pa. Super. 492, 495 (1923), the court upheld a similar provision, stating that an insurance company has the privilege to decline entering into a contract unless the insured agreed the car would not be used to carry passengers for a fee. In that case, it had been proven that the insured had on prior occasions used his vehicle to carry passengers for a fee.[1] *Id.* The Superior Court stated that it was common knowledge that the premium rate for vehicles used for commercial purposes was higher and that the rate charged by the insurance company was based on the terms in the contract. Finding that the prohibited activity was habitual rather than exceptional, the Superior Court held that the insurance company could disclaim coverage based on the exclusion clause. *Id.*

The present matter is dissimilar from *Rykill* in that Bogert did not transport multiple passengers for a fee. *Id.* The only people in the vehicle were the insured as the driver and McNeir. In addition, defendant Bogert's employment was not that of a taxi driver, as it appears the insured was in *Rykill,* but as a companion to McNeir. *Id.* Any driving done while employed by Bogert was solely incidental to her employment as a companion.

---

1. The insured had procured a "jitney license" which permitted him to carry passengers for hire, essentially using his vehicle as a present day taxi. The insured filed three car accident claims, two of which occurred after he had received the jitney license. *Rykill v. Franklin Fire Insurance Co.,* 80 Pa. Super. at 495.

In *Gross v. Kubel,* 315 Pa. 396, 399, 172 A.2d 649, 650 (1934), the insured was transporting four school basketball team members and an additional passenger pursuant to an agreement with the team's school. In return for transporting team members, the insured was paid a sum equivalent to either the price of bus fare for the team members or the cost of oil, gas and an additional sum for the vehicle use. *Id.* The Supreme Court refused to hold the insurance company liable. It found that since the insured received a sum above and beyond the costs of transporting the team members (*i.e.,* gas and oil), the insured's acts fall squarely within the exclusion clause. *Id.*

In the case before the court, Bogert was not paid a fee per trip. Bogert was paid the same hourly wage whether she performed housework or transported McNeir. She was not paid any additional money for gas or oil expended, nor was she paid for the use of her vehicle. The Supreme Court in *Gross* said that if the school had only paid for gas and oil, "a serious question might have arisen as to whether such a payment would have constituted a carrying for hire." *Gross,* 315 Pa. at 399-400, 172 A.2d at 650. In this case, the cost of transporting McNeir was never calculated separately from the standard hourly wage. In her deposition, Bogert stated that the amount of driving in relation to housework varied on a weekly basis and therefore her wage was independent of the activity performed. Deposition of Margaret Bogert, pp. 15, 16.

In *Davis,* 418 Pa. Super. at 286, 614 A.2d at 274, Clarence Cohen had purchased a new truck when he was asked by a friend to transport a refrigerator. Cohen's friend said he might receive some money once they ar-

rived at their destination. Cohen stated he only expected to be reimbursed for his expenses. *Id.* While Cohen was transporting the refrigerator, an incident occurred in which a passenger, an acquaintance of Cohen's friend, sustained injuries. *Id.* The Superior Court stated that the insurance company must provide liability coverage. *Davis,* 418 Pa. Super. at 296, 614 A.2d at 279. In arriving at their conclusion, the Superior Court adopted the reasoning in *Myers v. Ocean Accident and Guarantee Corp.,* 99 F.2d 485, 489 (4th Cir. 1938), quoting:

"In making the distinction [whether a person has carried a passenger for a fee] the courts take into consideration not alone the bare transaction but all its surrounding circumstances, including among other things, the status and relations of the parties one to another, the existence or lack of common interest, pleasure or benefit in the making of the journey, and the relation of the amount of money to the actual costs of carrying." *Davis,* 418 Pa. Super. at 295, 614 A.2d at 278.

The Superior Court found that Cohen's assistance was based on friendship and not any financial gain. *Id.* In fact, Cohen had agreed to assist his friend with no guarantee that he would be reimbursed for his expenses in transporting the refrigerator. *Id.*

The present matter is similar to *Davis* in that Bogert transported McNeir without any expectation of being compensated for any expenses relating to her vehicle other than her standard hourly wage. Bogert was employed as a companion, which meant that she was not merely performing services for McNeir. These two elderly defendants spent several hours together each week for two and a half years. Bogert learned of the employment position through an agency that assists the elderly

in finding work. It is reasonable to believe that the defendants were more than mere employer/employee. Bogert performed both housework and transportation, without any reference to a specific fee for driving McNeir. Bogert only worked on a part-time basis and has said that she used her wages as "pin money." Deposition of Margaret Bogert, p. 16.

After reviewing all relevant case law, the court finds that the language in the exclusion clause is ambiguous as applied to the specific facts in this case and therefore does not apply.

Accordingly, we enter the following order:

### ORDER

And now, March 16, 2000, plaintiff's motion for summary judgment is denied. Defendant Margaret Bogert's motion for summary judgment is granted. Plaintiff is directed to provide coverage under Margaret Bogert's policy of insurance and to defend all claims arising from the car accident on March 20, 1997.